IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03427-GPG

BILL GUINN,

      Plaintiff,

v.

JUDGE DaVITA, Jefferson County District Court,
JUDGE RANDALL, Jefferson County District Court,
UNKNOWN COLORADO SUPREME COURT JUDGES,
JEFFCO COMBINED COURTS,
UNKNOWN JEFFCO DEPUTY DISTRICT ATTORNEYS,
JEFFCO DISTRICT ATTORNEY'S OFFICE,
BLOODWORTH, Jeffco Deputy Public Defender, and
JEFFCO DEPUTY PUBLIC DEFENDER'S OFFICE,

      Defendants.

_____

ORDER OF DISMISSAL

_____

## I. Background

      Plaintiff Bill Guinn resides in Denver, Colorado.  On December 18, 2014, the

Court received a pleading from Plaintiff titled, "Amended Complaint," that was filed *pro*

*se*.  The Court used the pleading to initiate this action as filed pursuant to 42 U.S.C.

§§ 1983 and 1985 and 28 U.S.C. § 1331.  Plaintiff also filed a second Complaint on

January 6, 2015, similar to the one submitted on December 18, that inadvertently was

used to open a new action, but now the Complaint has been filed in this case.  The

Court will consider both complaints.  Plaintiff has been granted leave to proceed without

prepayment of fees and costs pursuant to 28 U.S.C. § 1915.

## II. Analysis

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not act as Plaintiff's advocate.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

Because Plaintiff has been granted leave to proceed pursuant to the in forma pauperis statute, 28 U.S.C. § 1915, under § 1915(e)(2)(B)(i), the Court must dismiss the action if Plaintiff's claims are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Complaint and action will be dismissed as repetitious and legally frivolous in part.  The Complaint otherwise will be dismissed for lack of subject matter jurisdiction and as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff is challenging the $10,000 bond he was required to post in the State of Colorado Case No. 10m4204, when on March 15, 2011, the charges against him were amended and Plaintiff was charged with an alcohol related driving under restraint (DUR) offense.  Plaintiff asserts Defendants have violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights and 42 U.S.C. § 1985 because: (1) he was illegally imprisoned before bond was posted; (2) the granting of an amendment to the original indictment/information by the court was capricious and arbitrary; (3) the denial of motions to retrieve bond was capricious and arbitrary when the bond was indemnified to pay the restitution owed by Plaintiff; (4) the public defender failed to object to the

amended DUR; (5) the bail ordered was excessive; and (6) Defendants conspired to violate his constitutional rights.

### i. Repetitious

Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious.  *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam).  The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims.  *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972). In *Guinn v. Unknown Jefferson County Deputy District Attorney, et al.*, No. 13-cv-00693-LTB (D. Colo. Mar. 19, 2013), Plaintiff challenged the same State of Colorado proceeding, Case No. 10M4204, that he challenges in this case.  Plaintiff names in part the same defendants and asserts the same claims in this action as he did in Case No. 13-cv-00693-LTB.  No. 13-cv-00693-LTB at ECF No. 1.

In Case No. 13-cv-00693-LTB, Plaintiff named the Jefferson County Deputy District Attorney, the Jefferson County District Attorney's Office, the Jefferson County Combined Courts, and Judge Davita, who are also named in this action. *Id.*  Plaintiff asserted in Case No. 13-00693-LTB, as he does in this action, that these Defendants violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights because: (1) he was illegally imprisoned before bond was posted; (2) the granting of an amendment to the original indictment/information by the court was capricious and arbitrary; and (3) the bail ordered was excessive.  These claims as asserted against these Defendants will be dismisses as repetitive and legally frivolous.

**ii. Immunity**

The Complaint suffers from other deficiencies, however, which subject the action

to dismissal.  First, the newly named defendants, as were the defendants in Case No.

13-cv-00693-LTB, are immune from suit for the following reasons.

Defendants Judge Randall and Unknown Colorado Supreme Court Judges are

absolutely immune from liability in civil rights suits when they act in their judicial

capacity, unless they act in the clear absence of all jurisdiction.  *See Morales v. Waco*,

502 U.S. 9, 11-12 (1991); *Stump v. Scarman*, 435 U.S. 349, 356-57 (1978); *Hunt v.

Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Questions of competency are "

'intimately associated with the judicial phase of the criminal process.' "  *See Wolf v.

Scobie*, 28 F. App'x 545, 548 (7th Cir. 2002) (citation omitted)).  All Judges were acting

in their judicial capacity, when they amended count three of the indictment, required

Plaintiff to post cash bond rather than allowing a personal recognizance bond, and then

denied the motions to retrieve the bond; they were not acting in the clear absence of all

jurisdiction.

Defendant Public Defender's Office also is an improper defendant in this action.

Section 1983 "provides a federal cause of action against any person who, acting under

color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S.

286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of

§ 1983 is to deter state actors from using the badge of their authority to deprive

individuals of their federally guaranteed rights and to provide relief to victims if such

deterrence fails.").  The Colorado Public Defender's Office is not a "person" subject to

suit under § 1983.

Also, the State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Furthermore, Defendant Bloodworth, who represented Plaintiff, is not a state actor under § 1983 and is not a proper party to this action. *Polk County v. Dodson*, 454 U.S. 312, 318 and 325 (1981). "[E]ven though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 329 n. 6 (1983). *See also Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995) (stating "even if counsel performs what would otherwise be a traditional lawyer function . . . so inadequately as to deprive the client of constitutional rights, defense counsel still will not be deemed to have acted under color of state law").

Also, § 1983 claims of ineffective assistance of counsel should be brought either

on direct appeal in the criminal case or on habeas corpus review and is not cognizable in this Complaint.

### iii.  *Heck*

Second, a judgment for damages in Plaintiff's favor on his claim for violation of his Sixth Amendment and ineffective assistance claim necessarily would imply the invalidity of his criminal convictions and sentence.  *See Heck v. Humphrey* , 512 U.S. 484, 486-87 (1994); *see also Wallin v. Arapahoe County Detention Facility*, 244 F. App'x 214, * 2 (10th Cir. 2007) (Because a judgment for damages in plaintiff's favor on his ineffective assistance claims necessarily would imply the invalidity of his criminal conviction or sentence, his § 1983 cause of action would not arise until his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.).  Plaintiff asserts he was sentenced to six months of incarceration at the Jefferson County Jail for the DUR offenses and does not state that he has successfully challenged the underlying circumstances of his conviction by proper  direct appeal in the State of Colorado or on habeas corpus review.  Plaintiff's ineffective assistance of counsel claim is properly dismissed under *Heck*, 512 U.S. 477.

### iv.  Conspiracy/42 U.S.C. § 1985

Third, Plaintiff's conspiracy claims lack merit.  A conspiracy claim pursuant to § 1985 outlaws various classes of conspiratorial activity.  *Kush v. Rutledge*, 460 U.S. 719, 724 (1983). Section 1985 proscribes any conspiracy to: (1) prevent an officer from performing duties; (2) obstruct justice, or intimidate a party, witness or juror; and (3) deprive persons of rights or privileges.  To the extent Plaintiff alleges that Defendants

"made a concerted effort together to deprive him of said const rights when they denied his motions to recover bond . . . ," *see* Am. Compl., ECF No. 1, at 21 and Compl., ECF No. 12, at 21, his allegations are insufficient to state a conspiracy claim. *See, e.g., Crabtree By and Through Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990) ("[T]he rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action."). *See also Snell v. Tunnell*, 920 F.2d 673, 702 (10th Cir. 1990) ("The participants in the conspiracy must share the general conspiratorial objective . . . [t]o demonstrate the existence of a conspiratorial agreement it simply must be shown that there was a single plan, the essential nature and general scope of which [was] know[n] to each person who is to be held responsible for its consequences.") (internal quotation marks and citation omitted).

Plaintiff has provided no facts to support even an inference that some plan or joint action existed between any Defendants. *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) ("Because plaintiff failed to allege specific facts showing agreement and concerted action among defendants, the district court properly dismissed the conspiracy claim with prejudice."). Nor has Plaintiff alleged any racial or class-based discriminatory animus. *See Daigle v. Gulf State Utilities Co., Local No. 2286*, 794 F.2d 974, 978-79 (5th Cir. 1986) (§ 1985(2) and (3) require some class-based invidiously discriminatory animus behind conspirators' actions).

Further, "an underlying unlawful act is necessary to prevail on a civil conspiracy claim." *Peterson v. Grisham*, 594 F. 3d 723, 730 (10th Cir. 2010). Without stating a claim for an actual deprivation of rights, Plaintiff cannot state a conspiracy claim. *See*

*Dixon v. Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) (In order to prevail on a § 1983 conspiracy claim, "a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient.").

### v. *Rooker-Feldman Doctrine*

Finally, Plaintiff claims his due process rights were violated when his motion to recover bond was denied, because the state court ruled that the cash bond was indemnified to pay the outstanding restitution, which violated Colo. Rev. Stat. § 15-11-403.  Am. Compl., ECF No. 1, at 16 and Compl., ECF No. 12 at 16.  Plaintiff contends the money used to pay the $10,000 bond was exempt under § 15-11-403 as it was part of his mother's estate.

Plaintiff's request that this Court review the decision in State of Colorado Case No. 10M4204 regarding the return of the $10,000 bail bond, is precluded by the *Rooker-Feldman* doctrine, which provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate

review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

Plaintiff requests that this Court find his due process rights were violated because the state court ruled that § 15-11-403 did not provide for the return of the $10,000 bail bond to Plaintiff and Plaintiff's brother-in-law did not intend to indemnify the cash bond when he signed the appearance bond form and stated the bond may be used to cover money owed by Plaintiff. To review the state court's denial of Plaintiff's motion for retrial of bond in Colorado Case No. 10M4204, based on Plaintiff's claims and consider the relief he requests, would disrupt or undo the state court judgment.

9

Therefore any federal claim that Plaintiff's civil rights were violated with respect to the return of the $10,000 is inextricably intertwined with the state court judgment and this Court lacks subject matter jurisdiction.

## III. Conclusion

The Court, therefore, will dismiss the Complaints and action as either repetitious, legally frivolous pursuant to 28 U.S.C. § 1915(e), for lack of subject matter jurisdiction, or barred by *Heck.*  The Court warns Plaintiff  that if he initiates any subsequent civil complaints that are repetitious of this action and Case No. 13-cv-00693-LTB the Court will consider invoking filing sanctions against him.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the action is dismissed in part, regarding Plaintiff's denial of return of $10,000 bail bond, without prejudice for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that the action is dismissed in part, regarding the ineffective assistance of counsel claim, as barred and without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).  It is

FURTHER ORDERED that the action is dismissed in part as repetitious and

legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), with respect to the claims that are asserted against Defendants Judge DaVita, Jeffco Combined Courts, and Jeffco District Attorney's Office, because the claims were raised and Defendants were named and disposed of in *Guinn v. Unknown Jefferson County Deputy District Attorney, et al.*, No. 13-cv-00693-LTB (D. Colo. Mar. 19, 2013).  It is

FURTHER ORDERED that Defendants Judge Randall, Unknown Supreme Court Judges, Deputy Public Defender Bloodworth, and Public Defender's Officer are dismissed as immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED March 25, 2015, at Denver, Colorado.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court